## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**Case No.:**

**JADE ARTHURE,**

    **Plaintiff,**

                                 **COMPLAINT**

**v.**

**EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS INC, and IQ DATA INTERNATIONAL INC,**

                              **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, Eric Pender ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), Defendant Experian Information Solutions Inc ("Defendant Experian" or "Experian")and Defendant IQ Data International Inc, ("Defendant IQ Data" or "IQ Data"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

§ 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Polk County, Florida.

5.      Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant IQ Data International Inc is a Washington corporation whose registered agent is Corporation Service Company, 1201 Hays Street,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Tallahassee, FL 32301.

## **GENERAL ALLEGATIONS**

8.     This action involves derogatory and inaccurate reporting of alleged collection accounts (the "Consumer Debts") by IQ Data to the Credit Reporting Agencies, Equifax Information Services LLC and Experian Information Solutions Inc.

9.     The IQ Data Account ending in *1743 is for a debt allegedly owed by to The Retreat at Lakeland.

10.     The IQ Data Account ending in *0248 is for a debt allegedly owed by Plaintiff to Citra at Windermere.

11.     Plaintiff never signed a lease with The Retreat at Lakeland or Citra at Windermere, has never lived at either apartment complexes, and does not owe these debts.

12.     In or around February 2024, Plaintiff requested a copy of her credit report from Defendant Equifax. The report listed two IQ Data Accounts (*1743 and *0248) (the "Accounts") in collections for two apartment leases that were fraudulently signed in her name and not paid by the identity thief.

13.     In or around February 2024, Plaintiff submitted two disputes (one for each Account) to Defendant Equifax requesting that it remove the two Accounts from her Equifax report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14.     In or around March 2024, Defendant Equifax verified the Accounts as accurate despite receiving evidence from Plaintiff that the Accounts were fraudulent.

15.     In or around March 2024, Plaintiff requested a copy of her credit report from Defendant Experian. The report listed the IQ Data Accounts ending in *1743 in collections for the apartment lease at The Retreat at Lakeland that was fraudulently signed in her name and not paid by the identity thief.

16.     In or around March 2024, Plaintiff submitted a dispute to Defendant Experian requesting that it remove the IQ Data Account ending in *1743 from her Experian report.

17.     In or around March 2024, Defendant Experian verified the Account as accurate despite receiving evidence from Plaintiff that the Account was fraudulent.

18.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendants Equifax and Experian and furnished by Defendant IQ Data.

19.     As of the filing of this complaint, Defendant Equifax and Defendant Experian are still reporting the Accounts on Plaintiff's credit reports.

## COUNT 1
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Equifax)

20.     Plaintiff incorporates by reference paragraphs ¶¶ 1-19 of this

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Complaint.

21.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Equifax, a consumer reporting agency.

22.     In or around February 2024, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Equifax. Therefore, in or around February 2024, Plaintiff disputed this inaccurate and derogatory information to Equifax.

23.     Defendant IQ Data verified the Accounts. Despite Equifax having been put on notice of the fraudulent and inaccurate reporting, Equifax did not remove the Accounts from Plaintiff's Equifax credit report.

24.     As of the filing of this complaint, Defendant IQ Data's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

25.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

26.     Equifax is a "consumer reporting agency" of consumers, as defined by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

§ 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

27.    Despite Defendant Equifax having received Plaintiff's dispute of the Accounts, Equifax continues to report the Accounts with an outstanding unpaid balance from IQ Data.

28.    Continuing to report the status of the Accounts in this fashion is significant.

29.    By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

30.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

31.    Equifax failed to conduct a reasonable investigation and reinvestigation.

32.    Equifax failed to review and consider all relevant information submitted by Plaintiff.

33.    Equifax failed to conduct an independent investigation and, instead, deferred to IQ Data, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34.    Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

35.    Equifax's reporting of inaccurate information about the Accounts, which are the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

36.    Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant IQ Data despite being in possession of evidence that the information was inaccurate.

37.    Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

38.    Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

39.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff.

40.    Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

41.    Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

42.    Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly  and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

43.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

44.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

45.    The appearance of the accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

46.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

47.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

48.    Plaintiff incorporates by reference paragraphs ¶¶ 1-19 above of this Complaint.

49.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

50.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

51.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52.     Additionally, Equifax negligently failed to report the Accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

53.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Equifax to  delete; and [h] the failure to take adequate steps to verify information Equifax had reason to  believe was inaccurate before including it in the credit report of the consumer.

54.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

55.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

56.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

57.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

58.     Plaintiff incorporates by reference paragraphs ¶¶ 1-19 of this Complaint.

59.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Experian, a consumer reporting agency.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

60.     In or around March 2024, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around March 2024, Plaintiff disputed this inaccurate and derogatory information to Experian.

61.     Defendant IQ Data verified the Account ending in *1743. Despite Experian having been put on notice of the fraudulent and inaccurate reporting, Experian did not remove the Account from Plaintiff's Experian credit report.

62.     As of the filing of this complaint, Defendant IQ Data's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

63.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

64.     Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

65.     Despite Defendant Experian having received Plaintiff's dispute of the Account, Experian continues to report the Account with an outstanding unpaid balance from IQ Data.

66.     Continuing to report the status of the Account in this fashion is

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

significant.

67.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

68.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

69.     Experian failed to conduct a reasonable investigation and reinvestigation.

70.     Experian failed to review and consider all relevant information submitted by Plaintiff.

71.     Experian failed to conduct an independent investigation and, instead, deferred to IQ Data, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

72.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

73.     Experian's reporting of inaccurate information about the Accounts, which are the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

74.     Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant IQ Data despite being in possession of evidence that the information was inaccurate.

75.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

76.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

77.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

78.     Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

79.     Experian's procedures were per se deficient by reason of these failures

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

80.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

81.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

82.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

83.     The appearance of the accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

84.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

85.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys'

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 4**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

86.     Plaintiff incorporates by reference paragraphs ¶¶ 1-19 above of this Complaint.

87.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

88.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

89.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

90.     Additionally, Experian negligently failed to report the Accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

91.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

[a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

92. The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

93. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

94. As a result of the conduct, action, and inaction of Experian, Plaintiff

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

95.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant IQ Data)

96.    Plaintiff incorporates the allegations regarding the Accounts and Defendant IQ Data in paragraphs ¶¶ 1-19 and by reference of this Complaint.

97.    Defendant IQ Data is a company specializing in debt collection.

98.    In or about February 2024, Plaintiff checked her credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant IQ Data.

99.    In or about February and March 2024, Plaintiff submitted disputes of the erroneous and derogatory information reported to Defendants Equifax and Experian by Defendant IQ Data.

100.   In response to the Disputes, Defendants Equifax and Experian promptly

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

and properly gave notice to Defendant IQ Data of the Disputes in accordance with the FCRA.

101.   As of the filing of this complaint, the debts have continued to be verified by Defendant IQ Data.

102.   Defendant IQ Data is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

103.   On a date better known by Defendant IQ Data, Defendants Equifax and Experian promptly and properly gave notice to Defendant IQ Data of Plaintiff's Disputes in accordance with the FCRA.

104.   In response to the notices received from Defendants Equifax and Experian regarding Plaintiff's Disputes, Defendant IQ Data did not and otherwise failed to conduct a reasonable investigation into the Accounts which are the subject of the Disputes.

105.   In response to receiving notice from Defendants Equifax and Experian regarding Plaintiff's Disputes, Defendant IQ Data failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendants Equifax and Experian could not otherwise verify.

106.   Instead of conducting a reasonable investigation, Defendant IQ Data erroneously validated the Accounts and continued to report inaccurate and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fraudulent information to Defendants Equifax and Experian.

107.   On at least one occasion within the past year, by example only and without limitation, Defendant IQ Data violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

108.   On at least one occasion within the past year, by example only and without limitation, Defendant IQ Data violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax and Trans Union.

109.   On at least one occasion within the past year, by example only and without limitation, Defendant IQ Data violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax and Experian about the inaccurate information.

110.   Upon information and belief, Defendant IQ Data was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

111.   Defendant IQ Data's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

112.   As a direct and proximate result of Defendant IQ Data's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

113.   Defendant IQ Data's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant IQ Data, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant IQ Data)

115.   Plaintiff incorporates the allegations regarding the Accounts and Defendant IQ Data in paragraphs ¶¶ 1-19 by reference of this Complaint.

116.   On at least one occasion within the past year, by example only and

without limitation, Defendant IQ Data violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

117.   On one or more occasions within the past year, by example only and without limitation, Defendant IQ Data violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

118.   On one or more occasions within the past year, by example only and without limitation, Defendant IQ Data violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

119.   When Defendant IQ Data received notice of Plaintiff's dispute from Defendants Equifax and Experian, Defendant IQ Data could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

120.   Defendant IQ Data would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant IQ Data had reviewed its own systems and previous communications with the Plaintiff.

121.   Defendant IQ Data's investigation was per se deficient by reason of these failures in Defendant IQ Data's investigation of Plaintiff's Dispute.

122.   As a direct and proximate result of Defendant IQ Data's violations of §

1681s-2(b),   Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

123.   Defendant IQ Data's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

124.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant IQ Data awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: April 19, 2024

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:  jen@jibraellaw.com
The Law Offices of Jibrael S.
Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com